# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2481

_____

Dennis Tedder,                              *
                                            *
        Appellant,                *
                                            *
                                            * Appeal from the United States
v.                                          * District Court for the
                                            * Western District of Arkansas.
                                            *
Bobby Norman, Individually, and             *
Director, Arkansas Law Enforcement          *
Training Academy,                           *
                                            *
        Appellees.                *

_____

Submitted:  January 14, 1999

Filed:  February 16, 1999

_____

Before LOKEN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Dennis Tedder was employed by the Arkansas Law Enforcement Training Academy (ALETA) for approximately twelve years, most of which he spent as its deputy director.  During his tenure as deputy director, Mr. Tedder gave voluntary deposition testimony that a Benton County sheriff's deputy had used excessive force in executing an arrest warrant.  Sheriff Andy Lee, the deputy's supervisor, complained to the governor's office about Mr. Tedder, and that complaint was passed on to Bobby

Norman, ALETA's director.  After meeting with Mr. Tedder and reviewing the police reports and documents pertaining to the case, Mr. Norman told Mr. Tedder that he had lost faith in Mr. Tedder's ability to serve as deputy director, and therefore demoted him to the position of training instructor.  Mr. Tedder remained at ALETA as an instructor for six months, after which he resigned.

Mr. Tedder filed suit against Mr. Norman, both individually and in his official capacity (Mr. Norman is no longer the director, so he and the director are now separate defendants), pursuant to 42 U.S.C. § 1983, alleging that his demotion resulted in a violation of his constitutionally protected right to free speech, and seeking monetary damages and injunctive relief in the form of reinstatement as deputy director.   The district court granted Mr. Norman's motion for summary judgment on the grounds that Mr. Tedder's demotion did not violate his First Amendment rights, and that, in any event, Mr. Norman and the director were entitled to qualified immunity.  Mr. Tedder appeals the First Amendment ruling and the ruling that Mr. Norman is entitled to qualified immunity, and we affirm the judgment of the district court.[1]

## I.

The district court held that Mr. Tedder's demotion did not violate the First Amendment.  In reviewing this determination *de novo*, we must balance Mr. Tedder's right to free speech against the state's legitimate interest in regulating the speech of its employees.  Pickering v. Board of Education, 391 U.S. 563, 568 (1968).  To do so, we must first determine whether the relevant speech pertained to a matter of public concern.  Rankin v. McPherson, 483 U.S. 378, 384 (1987).  If it did, we must then weigh the employee's right to express his or her views on such an issue against the state's interest in regulating that speech in order to maintain efficiency in its operations.  Id. at 388.

---

[1]The Honorable Harry F. Barnes, United States District Judge for the Western District of Arkansas.

Mr. Norman concedes that Mr. Tedder's deposition testimony pertained to a matter of public concern. We turn, therefore, to the balancing of the interests of ALETA and Mr. Tedder. "The effects on discipline, harmony among co-workers, working relationships requiring loyalty and confidence, the performance of the speaker's duties, or the regularity of the operation of the enterprise are all relevant considerations" in balancing these interests. Casey v. City of Cabool, 12 F.3d 799, 803 (8th Cir. 1993), cert. denied, 513 U.S. 932 (1994). "[T]he manner, time, and place of the employee's expression are [also] relevant." Rankin v. McPherson, 483 U.S. at 388. A showing of actual disruption of the workplace or of working relationships is not always necessary to find that the state's interest outweighs that of the employee. Tindle v. Caudell, 56 F.3d 966, 972-73 (8th Cir. 1995).

We believe that Mr. Tedder's testimony caused actual disruption and potential further disruption to the operation of ALETA by upsetting crucial business relationships within ALETA, and between ALETA and the law enforcement agencies that it is charged with training. First of all, that testimony substantially undermined the relationship between Mr. Norman and Mr. Tedder. The relationship between the director of a training facility and his or her deputy is one that we believe requires a high level of loyalty and confidence. Not only did the substance of Mr. Tedder's testimony undermine Mr. Norman's faith in Mr. Tedder's ability to supervise lesson plans at ALETA properly, it also undercut Mr. Norman's ability to maintain discipline and to manage his employees, because it was in violation of what he reasonably believed to be an ALETA policy barring testimony with respect to whether an officer acted appropriately.

Mr. Tedder's testimony also posed a significant threat of disruption to the relationships between ALETA and the law enforcement agencies that it trains. The purpose of ALETA is to teach, and this purpose would be threatened if the students lacked faith in those supervising their teachers. If students lost faith in the deputy director, who had the authority to approve or veto lesson plans, this breakdown in

confidence could well spread to every class taught at ALETA. One law enforcement agency, the Benton County sheriff's office, had already lost so much confidence in ALETA that the sheriff felt moved to complain to the governor. The scope of such damage to vital relationships had the potential to spread significantly, moreover, because the substance of Mr. Tedder's testimony was shared with other law enforcement agencies.

We believe that the interest of ALETA in preventing disruption outweighs Mr. Tedder's interest in testifying at the deposition. Testimony concerning possible misconduct of public officials is speech on a matter of public concern that warrants constitutional protection, Brockell v. Norton, 732 F.2d 664, 668 (8th Cir. 1984), but, as the district court stated, "it is not the place for an employee of ALETA, let alone its Deputy Director to volunteer to give such testimony without subpoena."

II.

For the reasons stated, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-